IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use of GASPARD & MORGAN CONSTRUCTION, LLC d/b/a RESTORATION ROOFING, a Texas Limited Liability Company,<br><br>*Plaintiff*,<br><br>v.<br><br>TRIUN, LLC, a Texas Limited Liability Partnership; and ENDURANCE ASSURANCE CORPORATION, a Delaware Corporation,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§     Case No. _____<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Gaspard & Morgan Construction, LLC d/b/a Restoration Roofing, a Texas Limited Liability Company, and files this Original Complaint against Defendants Triun, LLC, a Texas Limited Liability Company, and Endurance Assurance Corporation, a Delaware Corporation (collectively hereinafter "**Defendants**"), and in support thereof would respectfully show the Court as follows:

### I. SUMMARY OF THE CAUSES OF ACTION

1. This is a suit for breach of contract and related causes of action, and arises under the Miller Act, 40 U.S.C. § 3131 *et seq.*

## II. PARTIES

2. Plaintiff, Gaspard & Morgan Construction, LLC d/b/a Restoration Roofing ("**Restoration Roofing**") is a Texas limited liability company having its principal place of business at 4924 Cambridge Road, Fort Worth, Texas 76155.

3. Defendant, Triun, LLC ("**Triun**") is a Texas limited liability company having its principal place of business at 7800 West Interstate 10, Suite 803, San Antonio, Texas 78230. Triun, previously doing business under the name Gonzales-De La Garza & Associates, LLC, is and was the principal on the Payment Bond referred to herein. Triun may be served by and through its registered agent, Edward R De La Garza, at its registered office address at 7800 IH 10 West, Suite 803, San Antonio, Texas 78230.

4. Defendant, Endurance Assurance Corporation ("**Surety**"), upon information and belief, is a foreign corporation duly organized and existing under the laws of the State of Delaware. Surety is engaged in the business of providing surety bonds and is duly authorized to execute surety bonds in the State of Texas. Surety may be served by and through its registered agent, C T Corporation System, at its registered office address at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## III. JURISDICTION

5. This action arises, and this Court has subject matter jurisdiction of this action, under the Miller Act, 40 U.S.C. § 3131, *et seq*.

## IV. VENUE

6. Pursuant to 40 U.S.C. § 3133(b)(3)(B), venue is proper in the United States District Court for the Northern District of Texas because the contracts at issue were performed and executed in the Northern District of Texas. The project is located within the Wichita Falls division.

## V.  FACTUAL BACKGROUND

7. On information and belief, Triun (previously Gonzales-De La Garza & Associates, LLC) entered into a contract with the United States of America, through the Department of Defense and Air Force, to furnish all labor, materials, and equipment for the installation of a new roofing system for certain buildings at Sheppard Air Force Base located at 1810 J Avenue, Sheppard Air Force Base, Texas 76311 (the "**Project**" or "**Property**").

8. On or about August 6, 2021, Surety, as surety for Triun, executed and delivered to the United States a payment bond, Bond Number EACX4006695 (the "**Bond**"), for the protection of all persons and subcontractors, such as Restoration Roofing, supplying labor, equipment, and/or materials in the prosecution of the work provided for in the Project.  The Bond was executed in accordance with the terms of 40 U.S.C. § 3131, *et seq*., in the penal sum of $1,760,012.60.  A copy of the bond is attached hereto as <u>Exhibit A</u> and is incorporated herein by reference.

9. On or about September 2021, Restoration Roofing and Triun entered into a subcontract whereby Restoration Roofing agreed to perform a certain portion of work for the Project in exchange for an agreed-upon amount (the "**Contract**" or "**Agreement**").  Specifically, Restoration Roofing was tasked to provide materials/labor to complete the fluid-applied waterproofing, flashing, and sheet metal scope of the work for buildings B1025 and B1065 at the Project (the "**Work**").

10. Restoration Roofing performed the Work pursuant to its obligations and specifications under the Contract, but has not been fully paid for the Work.  Payment in the amount of $83,564.00 remains unpaid, due, and owing (the "**Unpaid Balance**").

11. As a result of the non-payment of the Unpaid Balance, Restoration Roofing sent multiple notices of its claim to Triun, including notice of its claim under the Bond to both Triun

and Surety; however, despite Restoration Roofing's notices, Defendants have failed to pay Restoration Roofing the Unpaid Balance.

12. As a direct and sole result of Triun's conduct, Restoration Roofing has and will continue to suffer economic and noneconomic damages, to include accrued interest, attorneys' fees, and costs, of which it seeks to recover through this lawsuit.

## VI. FIRST CAUSE OF ACTION – BREACH OF CONTRACT
### (as to Triun)

13. Restoration Roofing hereby reincorporates and realleges the allegations set forth in the preceding paragraphs.

14. Restoration Roofing and Triun entered into a valid and enforceable contract for Restoration Roofing to provide certain labor, equipment, and materials for this Project in exchange for payment from Triun. Restoration Roofing provided the agreed-upon labor, equipment, and materials for this Project in accordance with the Contract's specifications.

15. Triun is in breach of the Contract by failing to pay Restoration Roofing in full for the labor, materials, and/or equipment provided by Restoration Roofing to the Project. Restoration Roofing fully and/or substantially complied with its contractual obligations. However, after repeated demands, Triun has failed to and/or refused to make full payment to Restoration Roofing for the Unpaid Balance. The breach is material because payment for the work performed by Restoration Roofing is a material obligation of the Contract.

16. Restoration Roofing has been, and will continue to be injured by Triun's failure to pay the Unpaid Balance. Triun's failure to pay Restoration Roofing for the work performed is the direct and sole cause of Restoration Roofing's injury. Said failure is a natural, probable, and foreseeable consequence of Triun's breach because payment for the work performed by Restoration Roofing was negotiated and anticipated.

17. Restoration Roofing will further show that it is entitled to recover the Unpaid Balance, its attorneys' fees, costs, and interest.

## VII. SECOND CAUSE OF ACTION – SUIT ON MILLER ACT BOND
### (as to Triun and Surety)

18. Restoration Roofing hereby reincorporates and realleges the allegations set forth in the preceding paragraphs.

19. Restoration Roofings claims against the Bond furnished for this Project arises under 40 U.S.C. § 3131, *et seq*. Restoration Roofing is a beneficiary of the Bond furnished for this Project because Restoration Roofing was a subcontractor who provided public work, labor, and materials under a direct Contract with the prime contractor for the federal Project. Accordingly, there are no notice requirements for Restoration Roofing's claim under the Bond, yet courtesy notice was provided anyways.

20. Restoration Roofing has not been paid in full for the Work furnished and more than ninety (90) days has elapsed since the date Restoration Roofing last provided labor and/or materials on the Project and the Unpaid Balance remains unpaid.

21. Consequently, Restoration Roofing has perfected a claim against the Bond; however, neither Triun nor Surety have fulfilled their statutory obligations to investigate and pay the claim. Therefore, Triun and Surety are in breach of the Bond. All conditions precedent for Restoration Roofing to recover against the Bond have been satisfied and Restoration Roofing hereby seeks recover of its claim against the Bond from Surety.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Restoration Roofing prays for relief as follows:

1. For the sum of $83,564.00, including accrued interest at the highest rate allowed by law;

2. For reasonable attorneys' fees;

3. For costs of suit; and

4. For such other and further remedy to which Restoration Roofing may show itself under federal law, state law, common law, or in equity.

Dated: September 20, 2023

Respectfully Submitted,

By: /s/ *David V. Pipal*
David V. Pipal
State Bar No. 24104279
marshall@mpplegal.com
Taylor Anderson
State Bar No. 24078147
anderson@mpplegal.com
Brett Leal
State Bar No. 24131894
leal@mpplegal.com

1203 S. White Chapel Blvd., Suite 250
Southlake, Texas 76092
(214) 281-3314 (Telephone)
(214) 281-3315 (Facsimile)

**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT A

Bond # EACX4006695

# PAYMENT BOND
(See instructions on reverse)

**DATE BOND EXECUTED** (Must be same or later than date of contract): August 6, 2021

**OMB Control Number:** 9000-0045
**Expiration Date:** 8/31/2022

Paperwork Reduction Act Statement - This information collection meets the requirements of 44 USC § 3507, as amended by section 2 of the Paperwork Reduction Act of 1995. You do not need to answer these questions unless we display a valid Office of Management and Budget (OMB) control number. The OMB control number for this collection is 9000-0045. We estimate that it will take 1 hour to read the instructions, gather the facts, and answer the questions. Send only comments relating to our time estimate, including suggestions for reducing this burden, or any other aspects of this collection of information to: General Services Administration, Regulatory Secretariat Division (M1V1CB), 1800 F Street, NW, Washington, DC 20405.

**PRINCIPAL** (Legal name and business address)

Gonzalez-De La Garza & Associates LLC
7800 IH 10 West, Suite 803
San Antonio, TX 78230

**TYPE OF ORGANIZATION** ("X" one)
- [ ] INDIVIDUAL
- [ ] PARTNERSHIP
- [ ] JOINT VENTURE
- [ ] CORPORATION
- [x] OTHER (Specify) Limited Liability Company

**STATE OF INCORPORATION:** Texas

**SURETY(IES)** (Name(s) and business address(es))

Endurance Assurance Corporation
4 Manhattanville Road
Purchase, New York 10577

**PENAL SUM OF BOND**

| MILLION(S) | THOUSAND(S) | HUNDRED(S) | CENTS |
|---|---|---|---|
| 1 | 760 | 012 | 60 |

**CONTRACT DATE:** July 30, 2021

**CONTRACT NUMBER:** FA302018D0008 / FA302021F0081

## OBLIGATION:

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit is indicated, the limit of liability is the full amount of the penal sum.

## CONDITIONS:

The above obligation is void if the Principal promptly makes payment to all persons having a direct relationship with the Principal or a subcontractor of the Principal for furnishing labor, material or both in the prosecution of the work provided for in the contract identified above, and any authorized modifications of the contract that subsequently are made. Notice of those modifications to the Surety(ies) are waived.

## WITNESS:

The Principal and Surety(ies) executed this payment bond and affixed their seals on the above date.

### PRINCIPAL

SIGNATURE(S): 1. [signature] (Seal)

NAME(S) & TITLE(S) (Typed): 1. Edward R. De La Garza, CEO

Corporate Seal

### INDIVIDUAL SURETY(IES)

SIGNATURE(S): 1. (Seal)    2. (Seal)

NAME(S) (Typed): 1.    2.

### CORPORATE SURETY(IES)

**SURETY A**

NAME & ADDRESS: Endurance Assurance Corporation, 4 Manhattanville Road, Purchase, New York 10577

STATE OF INCORPORATION: Delaware

LIABILITY LIMIT: $113,177,000

SIGNATURE(S): 1. [signature]

NAME(S) & TITLE(S) (Typed): 1. Ryan Kinlin, Attorney-in-Fact

Corporate Seal

AUTHORIZED FOR LOCAL REPRODUCTION
Previous edition is NOT usable

**STANDARD FORM 25A (REV. 8/2016)**
Prescribed by GSA-FAR (48 CFR) 53.2228(c)

**CORPORATE SURETY(IES)** *(Continued)*

| | | | STATE OF INCORPORATION | LIABILITY LIMIT $ | |
|---|---|---|---|---|---|
| **SURETY B** | NAME & ADDRESS | | | | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| **SURETY C** | NAME & ADDRESS | | STATE OF INCORPORATION | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| **SURETY D** | NAME & ADDRESS | | STATE OF INCORPORATION | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| **SURETY E** | NAME & ADDRESS | | STATE OF INCORPORATION | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| **SURETY F** | NAME & ADDRESS | | STATE OF INCORPORATION | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| **SURETY G** | NAME & ADDRESS | | STATE OF INCORPORATION | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |

## INSTRUCTIONS

1. This form, for the protection of persons supplying labor and material, is used when a payment bond is required under 40 USC Chapter 31, Subchapter III, Bonds. Any deviation from this form will require the written approval of the Administrator of General Services.

2. Insert the full legal name and business address of the Principal in the space designated "Principal" on the face of the form. An authorized person shall sign the bond. Any person signing in a representative capacity (e.g., an attorney-in-fact) must furnish evidence of authority if that representative is not a member of the firm, partnership, or joint venture, or an officer of the corporation involved.

3. (a) Corporations executing the bond as sureties must appear on the Department of the Treasury's list of approved sureties and must act within the limitations listed therein. The value put into the LIABILITY LIMIT block is the penal sum (i.e., the face value) of the bond, unless a co-surety arrangement is proposed.

   (b) When multiple corporate sureties are involved, their names and addresses shall appear in the spaces (Surety A, Surety B, etc.) headed "CORPORATE SURETY(IES)." In the space designated "SURETY(IES)" on the face of the form, insert only the letter identifier corresponding to each of the sureties. Moreover, when co-surety arrangements exist, the parties may allocate their respective limitations of liability under the bonds, provided that the sum total of their liability equals 100% of the bond penal sum.

   (c) When individual sureties are involved, a completed Affidavit of Individual Surety (Standard Form 28) for each individual surety shall accompany the bond. The Government may require the surety to furnish additional substantiating information concerning its financial capability.

4. Corporations executing the bond shall affix their corporate seals. Individuals shall execute the bond opposite the words "Corporate Seal", and shall affix an adhesive seal if executed in Maine, New Hampshire, or any other jurisdiction requiring adhesive seals.

5. Type the name and title of each person signing this bond in the space provided.



# POWER OF ATTORNEY
**12650**

KNOW ALL BY THESE PRESENTS, that **Endurance Assurance Corporation**, a Delaware corporation, **Endurance American Insurance Company**, a Delaware corporation, **Lexon Insurance Company**, a Texas corporation, and/or **Bond Safeguard Insurance Company**, a South Dakota corporation, each, a "Company" and collectively, "**Sompo International**," do hereby constitute and appoint: **Stephen Smith, Janis Winkler, Douglas X. Brewka, Ryan Kinlin** as true and lawful Attorney(s)-In-Fact to make, execute, seal, and deliver for, and on its behalf as surety or co-surety; bonds and undertakings given for any and all purposes, also to execute and deliver on its behalf as aforesaid renewals, extensions, agreements, waivers, consents or stipulations relating to such bonds or undertakings provided, however, that no single bond or undertaking so made, executed and delivered shall obligate the Company for any portion of the penal sum thereof in excess of the sum of **ONE HUNDRED MILLION Dollars ($100,000,000.00)**.

Such bonds and undertakings for said purposes, when duly executed by said attorney(s)-in-fact, shall be binding upon the Company as fully and to the same extent as if signed by the President of the Company under its corporate seal attested by its Corporate Secretary.

This appointment is made under and by authority of certain resolutions adopted by the sole shareholder of each Company by unanimous written consent effective the 15th day of June, 2019, a copy of which appears below under the heading entitled "Certificate".

This Power of Attorney is signed and sealed by facsimile under and by authority of the following resolution adopted by the sole shareholder of each Company by unanimous written consent effective the 15th day of June, 2019 and said resolution has not since been revoked, amended or repealed:

RESOLVED, that the signature of an individual named above and the seal of the Company may be affixed to any such power of attorney or any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signature or seal shall be valid and binding upon the Company in the future with respect to any bond or undertaking to which it is attached.

IN WITNESS WHEREOF, each Company has caused this instrument to be signed by the following officers, and its corporate seal to be affixed this 15th day of June, 2019.

| Endurance Assurance Corporation | Endurance American Insurance Company | Lexon Insurance Company | Bond Safeguard Insurance Company |
|---|---|---|---|
| By: Richard Appel; SVP & Senior Counsel | By: Richard Appel; SVP & Senior Counsel | By: Richard Appel; SVP & Senior Counsel | By: Richard Appel; SVP & Senior Counsel |

### ACKNOWLEDGEMENT

On this 15th day of June, 2019, before me, personally came the above signatories known to me, who being duly sworn, did depose and say that he/they is an officer of each of the Companies; and that he executed said instrument on behalf of each Company by authority of his office under the by-laws of each Company.

By: Amy Taylor, Notary Public – My Commission Expires 5/9/23

### CERTIFICATE

I, the undersigned Officer of each Company, DO HEREBY CERTIFY that:

1. That the original power of attorney of which the foregoing is a copy was duly executed on behalf of each Company and has not since been revoked, amended or modified; that the undersigned has compared the foregoing copy thereof with the original power of attorney, and that the same is a true and correct copy of the original power of attorney and of the whole thereof;

2. The following are resolutions which were adopted by the sole shareholder of each Company by unanimous written consent effective June 15, 2019 and said resolutions have not since been revoked, amended or modified:

"RESOLVED, that each of the individuals named below is authorized to make, execute, seal and deliver for and on behalf of the Company any and all bonds, undertakings or obligations in surety or co-surety with others: RICHARD M. APPEL, BRIAN J. BEGGS, CHRISTOPHER DONELAN, SHARON L. SIMS, CHRISTOPHER L. SPARRO, MARIANNE L. WILBERT

; and be it further

RESOLVED, that each of the individuals named above is authorized to appoint attorneys-in-fact for the purpose of making, executing, sealing and delivering bonds, undertakings or obligations in surety or co-surety for and on behalf of the Company."

3. The undersigned further certifies that the above resolutions are true and correct copies of the resolutions as so recorded and of the whole thereof.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the corporate seal this 6th day of August, 20 21.

By: Daniel S. Lurie, Secretary

### NOTICE: U.S. TREASURY DEPARTMENT'S OFFICE OF FOREIGN ASSETS CONTROL (OFAC)

No coverage is provided by this Notice nor can it be construed to replace any provisions of any surety bond or other surety coverage provided. This Notice provides information concerning possible impact on your surety coverage due to directives issued by OFAC. **Please read this Notice carefully.**

The Office of Foreign Assets Control (OFAC) administers and enforces sanctions policy, based on Presidential declarations of "national emergency". OFAC has identified and listed numerous foreign agents, front organizations, terrorists, terrorist organizations, and narcotics traffickers as "Specially Designated Nationals and Blocked Persons". This list can be located on the United States Treasury's website – https://www.treasury.gov/resource-center/sanctions/SDN-List.

In accordance with OFAC regulations, if it is determined that you or any other person or entity claiming the benefits of any coverage has violated U.S. sanctions law or is a Specially Designated National and Blocked Person, as identified by OFAC, any coverage will be considered a blocked or frozen contract and all provisions of any coverage provided are immediately subject to OFAC. When a surety bond or other form of surety coverage is considered to be such a blocked or frozen contract, no payments nor premium refunds may be made without authorization from OFAC. Other limitations on the premiums and payments may also apply.

Any reproductions are void.
Surety Claims Submission: LexonClaimAdministration@sompo-intl.com
Telephone: 615-553-9500   Mailing Address: Sompo International; 12890 Lebanon Road; Mount Juliet, TN 37122-2870

## Policyholder Notice

| **TEXAS - IMPORTANT NOTICE** | **AVISO IMPORTANTE** |
|---|---|
| To obtain information or make a complaint: You may call the company's telephone number for information or to make a complaint at: | Para obtener informacion o para someter una queja: Usted puede llamar al numero de telefono de la compania para informacion o para someter una queja al: |
| 1-877-676-7575 | 1-877-676-7575 |
| You may write the Company at: | Usted tambien puede escribir a: |
| **Endurance Assurance Corporation** **Attention: Surety** **1221 Avenue of the Americas, 18th Floor** **New York, NY 10020** | **Endurance Assurance Corporation** **Attention: Surety** **1221 Avenue of the Americas, 18th Floor** **New York, NY 10020** |
| You may contact the Texas Department of Insurance to obtain information on companies, coverages, rights or complaints at: | Puede communicarse con el Departamento de Seguros de Texas para obtener informacion acerca de companias, coberturas, derechos o quejas al: |
| 1-800-252-3439 | 1-800-252-3439 |
| You may write the | Puede escribir al |
| Texas Department of Insurance PO Box 149104 Austin, TX 78714-9104 **FAX#** (512) 490-1007 | Departamento de Seguros de Texas PO Box 149104 Austin, TX 78714-9104 **FAX#** (512) 475-1771 |
| Web: http://www.tdi.texas.gov | Web: http://www.tdi.texas.gov |
| E-mail: ConsumerProtection@tdi.texas.gov | E-mail: ConsumerProtection@tdi.texas.gov |
| **PREMIUM OR CLAIM DISPUTES:** Should you have a dispute concerning your premium or about a claim you should contact the company first. If the dispute is not resolved, you may contact the Texas Department of Insurance. | **DISPUTAS SOBRE PRIMAS O RECLAMOS:** Si tiene una disputa concerniente a su prima o a un reclamo, debe comunicarse con la compania primero. Si no se resuelve la disputa, puede entonces comunicarse con el departamento (TDI). |
| **ATTACH THIS NOTICE TO YOUR POLICY:** This notice is for information only and does not become a part or condition of the attached document. | **UNA ESTE AVISO A SU POLIZA:** Este aviso es solo para proposito de informacion y no se convierte en parte o condicion del documento adjunto. |

Bond # EACX4006695

# PERFORMANCE BOND
*(See instructions on reverse)*

| DATE BOND EXECUTED *(Must be same or later than date of contract)* | OMB Control Number: 9000-0045 |
|---|---|
| August 6, 2021 | Expiration Date: 8/31/2022 |

Paperwork Reduction Act Statement - This information collection meets the requirements of 44 USC § 3507, as amended by section 2 of the Paperwork Reduction Act of 1995. You do not need to answer these questions unless we display a valid Office of Management and Budget (OMB) control number. The OMB control number for this collection is 9000-0045. We estimate that it will take 1 hour to read the instructions, gather the facts, and answer the questions. Send only comments relating to our time estimate, including suggestions for reducing this burden, or any other aspects of this collection of information to: General Services Administration, Regulatory Secretariat Division (M1V1CB), 1800 F Street, NW, Washington, DC 20405.

**PRINCIPAL** *(Legal name and business address)*
Gonzalez-De La Garza & Associates LLC
7800 IH 10 West, Suite 803
San Antonio, TX 78230

**TYPE OF ORGANIZATION** *("X" one)*
- [ ] INDIVIDUAL
- [ ] PARTNERSHIP
- [ ] JOINT VENTURE
- [ ] CORPORATION
- [x] OTHER *(Specify)* Limited Liability Company

**STATE OF INCORPORATION:** Texas

**SURETY(IES)** *(Name(s) and business address(es))*
Endurance Assurance Corporation
4 Manhattanville Road
Purchase, New York 10577

**PENAL SUM OF BOND**

| MILLION(S) | THOUSAND(S) | HUNDRED(S) | CENTS |
|---|---|---|---|
| 1 | 760 | 012 | 60 |

**CONTRACT DATE:** July 30, 2021

**CONTRACT NUMBER:**
FA302018D0008
FA302021F0081

**OBLIGATION:**

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit of liability is the full amount of the penal sum.

**CONDITIONS:**

The Principal has entered into the contract identified above.

**THEREFORE:**

The above obligation is void if the Principal-

(a) (1) Performs and fulfills all the understanding, covenants, terms, conditions, and agreements of the contract during the original term of the contract and any extensions thereof that are granted by the Government, with or without notice of the Surety(ies) and during the life of any guaranty required under the contract, and

(2) Performs and fulfills all the undertakings, covenants, terms, conditions, and agreements of any and all duly authorized modifications of the contract that hereafter are made. Notice of those modifications to the Surety(ies) are waived.

(b) Pays to the Government the full amount of the taxes imposed by the Government, if the said contract is subject to 41 USC Chapter 31, Subchapter III, Bonds, which are collected, deducted, or withheld from wages paid by the Principal in carrying out the construction contract with respect to which this bond is furnished.

**WITNESS:**

The Principal and Surety(ies) executed this performance bond and affixed their seals on the above date.

**PRINCIPAL**

| SIGNATURE(S) | 1. [signature] (Seal) | 2. (Seal) | 3. (Seal) | Corporate Seal |
|---|---|---|---|---|
| NAME(S) & TITLE(S) *(Typed)* | 1. Edward R. DeLaVera, CEO | 2. | 3. | |

**INDIVIDUAL SURETY(IES)**

| SIGNATURE(S) | 1. (Seal) | 2. (Seal) |
|---|---|---|
| NAME(S) *(Typed)* | 1. | 2. |

**CORPORATE SURETY(IES)**

| | NAME & ADDRESS | Endurance Assurance Corporation<br>4 Manhattanville Road, Purchase, New York 10577 | STATE OF INCORPORATION<br>Delaware | LIABILITY LIMIT ($)<br>$113,177,000 | |
|---|---|---|---|---|---|
| SURETY A | SIGNATURE(S) | 1. [signature] | 2. | | Corporate Seal |
| | NAME(S) & TITLE(S) *(Typed)* | 1. Ryan Kinlin, Attorney-in-Fact | 2. | | |

AUTHORIZED FOR LOCAL REPRODUCTION
*Previous edition is NOT usable*

**STANDARD FORM 25 (REV. 8/2016)**
Prescribed by GSA-FAR (48 CFR) 53.228(b)

**CORPORATE SURETY(IES)** *(Continued)*

| | | | STATE OF INCORPORATION | LIABILITY LIMIT ($) | |
|---|---|---|---|---|---|
| **SURETY B** | NAME & ADDRESS | | | | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| **SURETY C** | NAME & ADDRESS | | STATE OF INCORPORATION | LIABILITY LIMIT ($) | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| **SURETY D** | NAME & ADDRESS | | STATE OF INCORPORATION | LIABILITY LIMIT ($) | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| **SURETY E** | NAME & ADDRESS | | STATE OF INCORPORATION | LIABILITY LIMIT ($) | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| **SURETY F** | NAME & ADDRESS | | STATE OF INCORPORATION | LIABILITY LIMIT ($) | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| **SURETY G** | NAME & ADDRESS | | STATE OF INCORPORATION | LIABILITY LIMIT ($) | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |

| BOND PREMIUM ▶ | RATE PER THOUSAND ($) | TOTAL ($) |
|---|---|---|
| | Various | $21,100.00 |

## INSTRUCTIONS

1. This form is authorized for use in connection with Government contracts. Any deviation from this form will require the written approval of the Administrator of General Services.

2. Insert the full legal name and business address of the Principal in the space designated "Principal" on the face of the form. An authorized person shall sign the bond. Any person signing in a representative capacity (e.g., an attorney-in-fact) must furnish evidence of authority if that representative is not a member of the firm, partnership, or joint venture, or an officer of the corporation involved.

3. (a) Corporations executing the bond as sureties must appear on the Department of the Treasury's list of approved sureties and must act within the limitations listed therein. The value put into the LIABILITY LIMIT block is the penal sum (i.e., the face value) of bonds, unless a co-surety arrangement is proposed.

   (b) When multiple corporate sureties are involved, their names and addresses shall appear in the spaces (Surety A, Surety B, etc.) headed "CORPORATE SURETY(IES)." In the space designated "SURETY(IES)" on the face of the form, insert only the letter identifier corresponding to each of the sureties. Moreover, when co-surety arrangements exist, the parties may allocate their respective limitations of liability under the bonds, provided that the sum total of their liability equals 100% of the bond penal sum.

   (c) When individual sureties are involved, a completed Affidavit of Individual Surety (Standard Form 28) for each individual surety shall accompany the bond. The government may require the surety to furnish additional substantiating information concerning its financial capability.

4. Corporations executing the bond shall affix their corporate seals. Individuals shall execute the bond opposite the words "Corporate Seal", and shall affix an adhesive seal if executed in Maine, New Hampshire, or any other jurisdiction requiring adhesive seals.

5. Type the name and title of each person signing this bond in the space provided.

STANDARD FORM 25 (REV. 8/2016) BACK